CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB 21 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY RAY JOHNSON,<br>Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:14-cv-00068 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| C/O WOODWORTH, et al.,<br>Defendants. | ) <br> ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Larry Ray Johnson, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff did not submit payment of the filing fee with his complaint. See 28 U.S.C. § 1914(a). Plaintiff had at least three non-habeas civil complaints or appeals previously dismissed with prejudice as frivolous, as malicious, or for failing to state a claim upon which relief may be granted. See, e.g., Johnson v. Saunders, No. 7:92-cv-00820 (W.D. Va. Oct. 26, 1992) (dismissing action without prejudice as either frivolous or malicious, pursuant to 28 U.S.C. § 1915(d)); Johnson v. Lowe, No. 7:92-cv-00792 (W.D. Va. Oct. 15, 1992) (dismissing action without prejudice as either frivolous or malicious, pursuant to 28 U.S.C. § 1915(d)); Johnson v. Saunders, No. 7:92-cv-00601 (W.D. Va. July 31, 1992) (dismissing action without prejudice as either frivolous or malicious, pursuant to 28 U.S.C. § 1915(d)); see also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (noting that dismissals without prejudice as frivolous should count as a "strike" for purposes of 28 U.S.C. § 1915(g)). The court previously advised Plaintiff of the requirements to proceed in a civil action after being considered a "three striker" pursuant to 28 U.S.C. § 1915(g). See, e.g., Johnson v. Braxton, No. 7:04-cv-00080, slip op. at 1-2 (W.D. Va. Feb. 19, 2004). After reviewing plaintiff's submissions in this civil action, it is clear that Plaintiff's complaints about prison mail and grievance forms do not qualify him to proceed without prepaying the filing fee. Accordingly, I dismiss the action without

prejudice for Plaintiff's failure to pay the filing fee at the time of filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis).

**ENTER**: This 21st day of February, 2014.

Senior United States District Judge